# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MACK H. SULLIVAN, SR.,

    Plaintiff,

v.

SILCO TIMBER, LLC,

    Defendant.

CV 215-52

## ORDER

Presently pending before the Court is Defendant SILCO Timber, LLC's ("Defendant") Motion for Summary Judgment. Dkt. No. 14. *Pro se* Plaintiff Mack H. Sullivan, Sr. ("Plaintiff") alleges that his great-grandfather owned a 400-acre parcel of land ("the property") located in Camden County, Georgia. Plaintiff sets forth a claim for the property, requesting either of the following remedies: (1) that the Court "bound over" the property to his great-grandfather's estate; or (2) that Defendant pay him $3,500 to $5,500 per acre. Dkt. No. 1, p. 5. In response, Defendant produced evidence showing an extensive title search that reveals that Defendant owns the property in fee simple and there is no evidence that Plaintiff or his great-grandfather owned the entirety of the 400-acre plot in question.

Dkt. No. 14-4, pp. 1-6. For the reasons set forth below, Defendant's Motion for Summary Judgment (Dkt. No. 14) is **GRANTED**.

**BACKGROUND**

Plaintiff is the great-grandson of Chester M. Sullivan ("Sullivan"),[1] who allegedly owned some property in the 1800s. Dkt. No. 16, ¶ 4. According to Plaintiff, the property was comprised of four-hundred acres, "more or less." Dkt. No. 1, ¶ III. Plaintiff alleges that the property is located within the boundary of the land owned by Defendant (hereinafter, the "SILCO Tract"). Dkt. No. 24, p. 6, ¶ 24; Dkt. No. 14-1, ¶ 22. Plaintiff is unable to precisely define the location of the property, as "[t]he boundary line [is] unrecorded." Dkt. No. 1, ¶ III.[2]

Defendant, in response to Plaintiff's claim, conducted an extensive title search on both the property and all of the land located within the SILCO Tract. Dkt. No. 24, p. 4, ¶ 12; Dkt. No. 14-1, ¶ 9. Grantee deed indexes from April 28, 2014, back to the formation of the State of Georgia in 1788 in Camden County, Georgia, were examined as part of the Title Search that was conducted pursuant to Georgia Title Standards. Dkt. No. 24,

---

[1] Chester Sullivan is also known as Chester Monday ("Mun") Sullivan. Dkt. No. 16, ¶ 4.
[2] Plaintiff alleges that the property is "bound[ed] on the north by SILCO Timber LLC and land owner, south by Coleburg Tompkins Road and land owner, west by Highway 110 and land owner, [and] east by land owner and SILCO Timber LLC." Dkt. No. 1, ¶ III.

p. 3, ¶ 9. While conducting the title search, Kevin Yackel ("Yackel") and Steven Sales ("Sales") searched for any interest of either Plaintiff or Sullivan in the land located within the SILCO Tract. Id. at p. 4, ¶ 14; Dkt. No. 14-1, p. 4, ¶ 11. After conducting their search, Yackel and Sales only found a single conveyance of land to Mun Sullivan within the SILCO Tract. The title searchers did not find a deed of record within the SILCO Tract conveying land to or from Plaintiff, Mack Sullivan. Dkt. No. 24, p. 6, ¶ 26; Dkt. No. 14-1, ¶ 24.

The only record evidence shows that whatever acreage the Sullivans may have had in the SILCO Tract was lost through foreclosure long ago. On April 5, 1879, Helen Peebles ("Peebles") conveyed ½ interest in a sixty-acre parcel of land to Mun Sullivan and Usual Dallas ("Dallas"). Dkt. No. 24, p. 5, ¶ 17; Dkt. No. 14-1, at ¶ 14, p. 17. Sullivan thus received a ¼ interest in the 60-acre property. Dkt. No. 24, p. 5, ¶ 18; Dkt. No. 14-1, ¶ 15. Approximately ten-years after this conveyance, Sullivan obtained a loan from J.A. Foster on February 2, 1889. See Dkt. No. 14-1, p. 18. Sullivan used his ¼ interest of the land that was conveyed to him by Peebles as collateral for the loan. Id.[3] The aforementioned mortgage was foreclosed and sold through a sheriff's sale. Id. at p. 21. According to Plaintiff, however, a copy of the deed that was allegedly

---

[3] The Court notes that the loan was not filed until May 2, 1889. Id.

transferred to Sheriff John Brown was never found, and the deed "did not stipulate the acres or value that was transferred or described." Dkt. No. 16, ¶ 7; see generally Dkt. No. 16-1.

Dallas—the other owner of the ¼ interest conveyed by Peebles—through his heirs, conveyed his interest to H.B. Readdick. See Dkt. No. 14-1, pp. 23-24. In turn, H.B. Readdick conveyed the parcel, in addition to 3,227.95 acres, to the Georgia Forest Product Company on December 23, 1937. Id. ¶ 19. Defendant acquired title to the entirety of the SILCO Tract in fee simple ownership on December 17, 2002. Id. ¶ 22.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T.

AO 72A
(Rev. 8/82)

Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden shifts then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

Given that Plaintiff is a *pro se* litigant, his allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although courts may construe pleadings liberally, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Boles v. Riva, 565 F. App'x 845, 846 (11th Cir. 2014) (quotes and cite omitted). "Although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## DISCUSSION

Summary Judgment is warranted on Plaintiff's claim. As discussed below, the undisputed evidence shows that Plaintiff's claim to land within the SILCO Tract is unfounded, even

crediting Plaintiff's argument that he is an heir to Sullivan's estate.

As an initial matter, the Court notes that Plaintiff does not allege, nor does the record support a finding that there is a deed of record conveying any land within the SILCO Tract to Plaintiff. Plaintiff thus cannot claim title to any land in the SILCO Tract in his own name. The Court notes that he brought suit only in his own name.

Second, as to any Sullivan family land, any claim to that land was extinguished upon the foreclosure of the mortgage and its subsequent purchase during a sheriff's sale. Defendant presented record proof that it owns the land. Plaintiff was only ever able to allege that his relative had an interest in it.

Finally, as to the matter of the size of the property, the Court notes that the record does not support a finding that Sullivan owned 400-acres "more or less" at any time. Indeed, Plaintiff is unable to provide the Court with an exact description of the property, much less provide documentary proof of a 400-acre parcel of land owned by one of the Sullivans. Based on the undisputed evidence, the Court cannot credit Plaintiff's argument that Sullivan, at one time, owned a parcel of land in Camden County, Georgia, comprised of 400-acres "more

or less." Dkt. No. 1, ¶ III.  For all of these reasons, Defendant is entitled to Summary Judgment.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Dkt. No. 14) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

**SO ORDERED**, this 22ND day of August, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)